## CREED CLARK v. STATE.

No. A-4155.  Opinion Filed May 14, 1923.
(214 Pac. 942.)

(Syllabus.)

**Intoxicating Liquors—Evidence to Sustain Conviction for Unlawful Manufacture.** In a prosecution for manufacturing intoxicating liquor, evidence held sufficient to support the verdict and judgment of conviction.

Appeal from County Court, Comanche County; P. G. Fullerton, Judge.

Creed Clark was convicted of a violation of the prohibitory law, and he appeals. Affirmed.

J. F. Thomas, for plaintiff in error.

The Attorney General, for the State.

DOYLE, J. This appeal is from a judgment of conviction for manufacturing intoxicating liquor rendered in accordance with the verdict of a jury finding defendant, Creed Clark, guilty and assessing his punishment at confinement in the county jail for 90 days and a fine of $350. From the judgment an appeal was taken by filing in this court on December 30, 1921, a petition in error with case-made.

No brief has been filed, and we have nothing before us but the petition in error and case-made.

Upon a careful examination of the record, we find that the assignments of error, with one exception, are not supported by any objection made or exception taken by defendant upon his trial.

Only three witnesses testified in the case. At the close of their testimony counsel for defendant demurred to the evidence for the reason that it is insufficient to sustain a conviction and moved the court to direct a verdict of not guilty. To the overruling of the same defendant reserved an exception.

It is assigned as error that the evidence was insufficient to sustain the verdict, and that the court erred in refusing to direct a verdict of acquittal.

G. H. Frampton, sheriff of Comanche county, testified:

On May 1 last, I had a search warrant and went to the home of Creed Clark, and found a still in operation and several barrels of mash. There was about three quarts of whisky in a five-gallon jar under the still; whisky was dripping out at the time. I found these coils attached to the still in the cooling apparatus.

He produced a bottle of the whisky found at the still and testified it was corn whisky.

Fletcher Riley, county attorney, testified:

"I know the defendant, Creed Clark. He lived on Lake avenue, Mountain View addition to the city of Lawton. I was with Sheriff Frampton and his deputy, Smith. We went to defendant's place about 7 o'clock in the evening. We found the still in operation. It was setting on a gas range, had coils attached to it running into a barrel and a jar under it with whisky running into it. Seven or eight barrels were in the room and about half of them contained mash."

W. X. Smith testified:

"I was deputy sheriff and was with the sheriff and county attorney when they went to the defendant's home. We found a still in operation on a gas stove."

In our opinion the testimony on the part of the state was amply sufficient to sustain the verdict of the jury.

The judgment of the county court of Comanche county herein is therefore affirmed.

MATSON, P. J., and BESSEY, J., concur.